178 So.2d 830

**Odell BURCHELL**

v.

**STATE.**

**8 Div. 994.**

Court of Appeals of Alabama.

Aug. 17, 1965.

Rehearing Denied Sept. 14, 1965.

Bruce Sherrill, Athens, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Local Acts 1947, pgs. 113–119, establishing The Limestone County Court in reference to the trial of misdemeanor cases, provides, "the judge shall decide issues of fact without the intervention of a jury, except in cases where the defendant files a written demand for a jury trial with the clerk within thirty days after his arrest, or not later than the trial date if such is less than thirty days after his arrest, * * *."

The defendant was arrested on September 2, 1964, on a complaint charging illegal possession of prohibited beverages. The warrant of arrest commanded her to appear in the Limestone County Court on Sep-

tember 11, 1964. On that day, on defendant's motion, the court entered an order continuing the case to September 25th. On September 25th the defendant filed written demand for a jury trial. The judgment entry recites that the demand for jury trial was denied because it was not filed "on first sounding or call of the case on September 11, 1964." Defendant then moved for a continuance to October 2, 1964. The motion was granted. On October 2, written demand for jury trial was again made. This request was also refused because "not filed at first sounding of the case."

The trial court proceeded to try the case without a jury.

The only question presented is whether the demand for jury trial was filed within the time prescribed by the provisions of the Act, supra. We hold that it was within the time, and defendant was entitled to a trial by jury.

For the error in denying the request for jury trial the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.

JOHNSON, J., not sitting.